UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JANE GRANDE, Individually and as Mother and
Natural Guardian of V.G.,

                     Plaintiff,

       -against-

UNITED STATES OF AMERICA,

                     Defendant.

------------------------------------------------------------x

**COMPLAINT**

Case No.: _____

       Plaintiff JANE GRANDE, Individually and as Mother and Natural Guardian of V.G., by her attorney, ALAN H. FIGMAN, PLLC, complaining of the defendant herein, respectfully alleges as follows:

### JURISDICTION

       1.    Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1346. Plaintiff further invokes the pendent jurisdiction of this Court over claims arising under New York State law.

       2.    Prior to the filing of this action, plaintiff timely made and presented to the United States Department of Health and Human Services ("HHS") on June 8, 2016, two (2) claims for damage, injury or death, as well as for loss of services, as required under the Federal Tort Claims Act of the United States of America. Plaintiff complied with 28 U.S.C. § 2675 by presenting said administrative claims to HSS.

       3.    Plaintiff's administrative claims were denied by HSS in a letter dated March 16, 2017.

       4.    This action is timely brought following the denial by HSS of said administrative claims; plaintiff has duly complied with all of the conditions precedent to the commencement of

this action.

## VENUE

5. Venue is founded upon 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff resides at 1 East 118th Street, Apt. 2B, New York, New York 10035.

7. Upon information and belief, and at all times hereinafter mentioned, The Family Health Center of Harlem, including its Institute for Family Health, (hereinafter referred to as "FHCH") was and still is a community health center with a principal place of business located at 1824 Madison Avenue, New York, New York 10035.

8. Upon information and belief and at all times hereinafter mentioned, the FHCH was an agency within and a grantee of the Department of Health and Human Services ("HHS"), located at 200 Independence Avenue SW, Washington, D.C. 20201, Health Resources and Services Administration ("HRSA") and Health Center Program ("HCP") and as such receives funding under Section 330 of the Public Health Service Act [42 U.S.C. 254(b)].

9. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, the Secretary of the United States Department of Health and Human Services deemed the FHCH eligible for medical malpractice coverage under the Federal Tort Claims Act.

10. Upon information and belief and at all times hereinafter mentioned, defendant UNITED STATES OF AMERICA (hereinafter referred to as "USA") owned, operated, supervised, maintained and controlled certain healthcare facilities, including, but not limited to, the FHCH.

11. Upon information and belief and at all times hereinafter mentioned, the FHCH, its

agents, servants and/or employees, held themselves out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to plaintiff that they were knowledgeable, qualified and competent to treat the infant plaintiff's presenting conditions and symptoms.

12. The FHCH provided medical and healthcare services for the community in which the infant plaintiff was a member. The infant plaintiff VG received medical care thereat by physicians, nurse practitioners and other healthcare providers employed by the United States government and/or the FHCH.

13. Upon information and belief and at all times hereinafter mentioned, KWAME KITSON, M.D. was a medical doctor duly licensed to practice medicine in the State of New York, with a specialty in the field of Family Medicine.

14. Upon information and belief and at all times hereinafter mentioned, KWAME KITSON, M.D. held himself out as a physician qualified and capable of rendering competent medical treatment, care and services, with the skill and knowledge possessed by and required of physicians in the community.

15. That in rendering medical diagnoses, treatments, advice, care and services to the infant plaintiff, KWAME KITSON, M.D. was acting on his own behalf and as an agent, servant and/or employee of defendant USA.

16. Upon information and belief and at all times hereinafter mentioned, KWAME KITSON, M.D. was an employee of defendant USA and was acting within the scope of and during the course of said employment by defendant USA.

17. Upon information and belief and at all times hereinafter mentioned, KWAME KITSON, M.D. was an employee the FHCH and was acting within the scope of and during the

course of said employment by the FHCH.

18. Upon information and belief and at all times hereinafter mentioned, HENRY VAN NGUYEN, F.N.P. was a family nurse practitioner duly licensed as such by the State of New York.

19. Upon information and belief and at all times hereinafter mentioned, HENRY VAN NGUYEN, F.N.P. held himself out as a nurse practitioner qualified and capable of rendering competent medical and nursing treatment, care and services, with the skill and knowledge possessed by and required of nurse practitioners in the community.

20. That in rendering medical diagnoses, treatments, advice, care and services to the infant plaintiff, HENRY VAN NGUYEN, F.N.P. was acting on his own behalf and as an agent, servant and/or employee of defendant USA.

21. Upon information and belief and at all times hereinafter mentioned, HENRY VAN NGUYEN, F.N.P. was an employee of defendant USA and was acting within the scope of and during the course of said employment by defendant USA.

22. Upon information and belief and at all times hereinafter mentioned, HENRY VAN NGUYEN, F.N.P. was an employee of the FHCH and was acting within the scope of and during the course of said employment by the FHCH.

23. Upon information and belief and at all times hereinafter mentioned, KWAME KITSON, M.D. was under a duty to monitor, supervise and oversee any and all medical and nursing care and treatment rendered by HENRY VAN NGUYEN, F.N.P. at the FHCH facility and HENRY VAN NGUYEN, F.N.P. was under a duty to seek out the opinion, advice and recommendations of physicians at the FHCH, including, but not limited to, KWAME KITSON,

M.D., during the course of rendering medical and nursing care and treatment and prior to discharging patients at the FHCH facility, which include the infant plaintiff, V.G.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF V.G.:

24. Plaintiff repeats, reiterates and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

25. From approximately July 27, 2014 through March 31, 2015, inclusive, the infant plaintiff V.G. was a patient of the FHCH, and during said times received medical and nursing care and treatment from said USA facility, through its agents, servants and/or employees, including, but not by way of limitation, KWAME KITSON, M.D. and HENRY VAN NGUYEN, F.N.P.

26. During the aforesaid period of time, the infant plaintiff was undergoing treatment by the FHCH, its agents, servants and/or employees, including, but not by way of limitation, KWAME KITSON, M.D. and HENRY VAN NGUYEN, F.N.P., for a traumatic injury sustained to her left lower extremity.

27. During the aforesaid times, defendant USA, by the FHCH, its agents, servants and/or employees, including, but not by way of limitation, KWAME KITSON, M.D. and HENRY VAN NGUYEN, F.N.P., was careless, reckless, negligent and committed medical malpractice as follows: in deviating and departing from accepted and proper medical, nursing, emergency care, radiology and orthopedic surgery practices and standards extant in the community; in failing to timely and properly diagnose and treat a fracture of the left ankle; in failing to timely and properly order and/or perform x-rays and/or other radiology studies such as

5

MRIs; in failing to heed and/or recognize the significance of recurring ankle injuries; in failing to engage in the process of differential diagnosis; in failing to rule out a fracture and/or ligamentous injury in a timely and proper fashion; in failing to consider the presence of a fracture and/or ligamentous injury given the presenting signs, symptoms and complaints of the infant plaintiff; in failing to obtain a proper history; in failing to carry out and perform adequate physical examinations; in failing to timely and properly consult with a physician given the infant plaintiff's presenting signs, symptoms, complaints, and medical history; in failing to timely and properly refer the infant plaintiff to a pediatric orthopedist; in causing a lengthy and inordinate delay in the diagnosis and treatment of an ankle fracture; in causing, permitting and allowing a growth plate ankle fracture to heal in a displaced and misaligned manner without any medical or surgical care being rendered with respect thereto; in causing an eight-month delay in the diagnosis and treatment of an ankle fracture; in failing to adequately and properly train, instruct, supervise and control nurse practitioners; in failing to promulgate and enforce adequate and proper protocols and regulations relative to the treatment of pediatric patients with orthopedic injuries; in failing to obtain an informed consent of the infant plaintiff's mother relative to the nature of the treatment planned and ordered; in failing to advise the infant plaintiff's mother of the risks and hazards of not obtaining x-rays and/or other radiology studies in a timely and proper manner; in failing to be cognizant of the risks and hazards of not timely diagnosing and treating a growth plate fracture in a young child; among other acts and/or omissions.

28.     The aforesaid negligence and medical malpractice, including the acts and/or omissions listed above, were a proximate cause of and a substantial factor in terms of causing serious personal injuries to the infant plaintiff, all of which are of a permanent and lasting nature.

29. By reason of the foregoing negligence, malpractice and departures, and without any fault or lack of care on the part of plaintiff and/or infant plaintiff contributing thereto, the infant plaintiff V.G. was caused to and did suffer and sustain serious personal injuries, aggravations, exacerbations, accelerations and/or precipitations of medical conditions, severe and extreme mental and emotional anxiety and distress, has undergone extensive medical treatment, surgeries and hospitalizations, inability to attend to her daily activities and loss of enjoyment of life, all of which conditions, injuries and disabilities are of a permanent and lasting nature, thereby causing pecuniary, economic and other monetary losses.

30. The plaintiff JANE GRANDE, as Mother and Natural Guardian of V.G., claims all damages permitted by law.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF V.G.:

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained hereinabove with the same force and effect as if hereinafter set forth at length.

32. Upon information and belief, that at all times hereinbefore mentioned, defendant USA, by the FHCH, its agents, servants and/or employees, including, but not by way of limitation, KWAME KITSON, M.D. and HENRY VAN NGUYEN, F.N.P., failed to disclose to plaintiff the alternatives to and the reasonably foreseeable risks and benefits of the medical treatment rendered, as reasonable medical practitioners under similar circumstances would have disclosed, in a manner permitting plaintiff to make a knowledgeable evaluation; failed to disclose the risks, hazards of and alternatives to the medical treatment rendered in a manner that would have permitted plaintiff to make a knowledgeable decision regarding the medical treatment, and

had defendant disclosed the alternatives to and the risks and benefits of said medical treatment, plaintiff, as a reasonable person, would not have had her daughter undergo said medical treatment in the manner that same was rendered; and the failure of defendant USA, by the FHCH, its agents, servants and/or employees, including, but not by way of limitation, KWAME KITSON, M.D. and HENRY VAN NGUYEN, F.N.P. to obtain an informed consent was a substantial factor in causing the injuries sustained by the infant plaintiff V.G.; that in failing to obtain plaintiff's informed consent in the manner set forth above, defendant USA, by the FHCH, its agents, servants and/or employees, including, but not by way of limitation, KWAME KITSON, M.D. and HENRY VAN NGUYEN, F.N.P., violated the provisions of New York State Public Health Law, Section 2805-d(1) and (3).

33. By reason of the foregoing, the infant plaintiff V.G. has been caused to suffer and sustain serious and severe personal injuries, aggravations, exacerbations, accelerations and/or precipitations of medical conditions, severe and extreme mental and emotional anxiety and distress, has undergone extensive medical treatment, surgeries and hospitalizations, inability to attend to her daily activities and loss of enjoyment of life, all of which conditions, injuries and disabilities are of a permanent and lasting nature, thereby causing pecuniary, economic and other monetary losses.

34. The plaintiff JANE GRANDE, as Mother and Natural Guardin of V.G., claims all damages permitted by law.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF JANE GRANDE:

35. Plaintiff repeats, reiterates and re-alleges each and every allegation

contained hereinabove with the same force and effect as if hereinafter set forth at length.

36. At all times mentioned herein and at present, plaintiff JANE GRANDE is the mother and natural guardian of the infant plaintiff V.G.

37. By reason of the aforesaid negligence, medical malpractice and statutory violations of the defendant USA, by the FHCH, its agents, servants and/or employees, including, but not by way of limitation, KWAME KITSON, M.D. and HENRY VAN NGUYEN, F.N.P., plaintiff JANE GRANDE has been deprived of and caused to lose the services of her daughter, and has been caused to suffer a loss of her daughter's services, solace, companionship and felicitude, and has been caused to undertake extraordinary nursing and other services to attend to her daughter, and has been caused to expend and/or become obligated to expend sums of money for her medical care and treatment.

38. Plaintiff JANE GRANDE claims all damages permitted by law.

### JURY DEMAND:

37. Plaintiff demands a trial by jury of all issues.

WHEREFORE, plaintiff JANE GRANDE, Individually and as Mother and Natural Guardian of V.G., hereby demands a jury trial of all issues so triable, together with judgment against the defendant as follows:

  (a) On the First Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars;

  (b) On the Second Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars;

  (c) On the Third Cause of Action in the sum of One Million ($1,000,000.00) Dollars;

  (d) Awarding costs and disbursements of this action; and

(e)   Such other, further and different relief as to this Court may deem just and proper.

Dated August 15, 2017

                              ALAN H. FIGMAN, PLLC

                              By: _____
                                   ALAN H. FIGMAN (AF-5260)
                              Attorney for Plaintiff
                              JANE GRANDE, Individually and as
                              Mother and Natural Guardian of V.G.
                              32 Broadway, Suite 1818
                              New York, New York 10004
                              (800) 521-0838

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Case No.:

---

JANE GRANDE, Individually and as Mother and Natural Guardian of V.G.,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.

---

# COMPLAINT

---

ALAN H. FIGMAN, PLLC
Attorney for Plaintiff
Office & P.O. Address & Telephone
32 Broadway-Suite 1818
New York, New York   10004
(800) 521-0838